Next case is Gregory Baka v. DOJ, 2016, 2351. Mr. Baka. May it please the Court. Good morning, Your Honor. This is Gregory Baka for the Petitioner-Employee. This case is about the appropriate form and the appropriate remedy when an agency decides to downsize an overstaffed office and does so on the basis of textual performance deficiencies to avoid the statutory consequences of a formal reduction in force or RIF. But you didn't actually appeal the determination with respect to the unacceptable performance, did you? The facts in the performance deficiencies were part of the issue that was appealed. In other words, the facts are all an inherent part of it. Now, the government, Judge O'Malley, is arguing that there's no – that that was – that they had to be going through part – chapter 43, that there had to be a, quote, direct challenge. Yet if we look in the appendix, appendix 8085, A085, when the challenge was made, the government argued that they couldn't bring up those issues. It was too late. It was 45 days had expired. So – When which challenge was made? When the challenge was made to the EEOC, to the agency – to the agency counsel. Here's the problem, is that your argument presupposes that the removal was all pretextual. In other words, that there was no basis for saying he performed in an unacceptable manner. But we've got a final finding. They performed in an unacceptable manner and it was not appealed. So don't we have to begin with the premise that we are talking about someone who was discharged for unacceptable performance and then the question is whether you are allowed to discharge someone for unacceptable performance if they happen to be a preference-eligible veteran? The answer is that the facts – those same facts are relevant to the – to the performance claim. In other words, the same facts apply. And those were raised in appendix – if we look at appendix 20 to 34, those were all – it's not like they were kept silent. All those same facts were raised. The question is whether it has to go through an EEO complaint. The government is saying that it has to – the government is saying that – oh, you should – you should – you had to apply through the separate – you had to do – appeal the performance. But if we look at the actual claim that was made, it was the EEO, it was age discrimination. There's no reason that age discrimination has to – that the performance has to be part of age discrimination as opposed to VEOA. In other words, it's the same facts, Your Honor. So there's no reason why the facts can be only considered in one context and not in the other. Again, especially in this stage of the proceedings where the facts have to be assumed in the employee's favor. So we have an unappealed determination that he was removed for unacceptable conduct or unacceptable performance. I would invite – where in the record does it say that? It doesn't say that. In other words, it doesn't say that that was the basis for the EEO complaint. The government – No, he's saying that was the basis for his removal from employment, right? That was the basis for removal from employment. And at the very outset, this was part of – all the facts pertaining to that were incorporated and were part of the complaint made by the employee. So in other words, the Chapter 43, the way the agency did the chapter, they include it as part of the age discrimination case. There's no reason that it has to be age discrimination. It's no more relevant to age discrimination than it is veterans' preference discrimination. Are you arguing that a preference-eligible veteran can't be removed for unacceptable performance? No. That's the argument that the government is putting into the employee's – that's the government characterization of the employee's argument. But in fact, here we have as a fact that the office was downsized. The employee was never replaced. So this is not going to be something where we're just going to say, oh, there's automatically a veterans' preference claim in every performance claim. No, because here we have the fact that there was a downsizing. It was a three-person office, and it went to a two-person office. And the government said that this is not – this is barely a two-person office. This is not a three-person office. So therefore, this was a downsizing. That's not disputed. That's undisputed. That's in the record. So it's not a case of somehow importing a veterans' preference to every single time that – When you say it was a downsizing, ultimately they chose not to replace the employee who was removed. But it doesn't demonstrate that their intent was – when they removed him was to reduce the size of the office. And I think that's a critical difference. A RIF requires an intention to remove – to reduce the size of an office and layoffs as a result of that intention. At least this record demonstrates an intention to remove an employee who they thought wasn't performing according to their standards and then a decision not to replace. Well, Judge Moore, that's certainly what the government argues. However, if we look at the totality of the facts and circumstances, and again, we have to assume the facts in favor of the employee. And we look at what happens. We have the evidence that was submitted. It was not rebutted. Wait. Why do I assume the facts in favor of the employee? I thought my standard of review was arbitrary, capricious, abuse of discretion. I thought this was a final MSPB decision. But that's what the MSPB is supposed to be doing. Right. And then they didn't. What I'm supposed to do on appeal is to decide whether their decision was arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance by law. So this is not a scenario where I have some de novo fact-finding ability. In fact, I never have. No. Yes, Judge Moore. But the MSPB made these factual findings that this employee was removed for cause, and then the agency decided not to rehire. What can I do about that? The factual finding, that was the abuse of discretion. They made factual findings when there was no evidence. It's direct in contradiction to the evidence. Why? What evidence is there that the agency intended to reduce the size of the office and that was the reason they eliminated this employee? The evidence is set forth in appendix pages 20 to 020 to 043 in the statement that was given that shows the totality of the circumstances. What evidence? If you want to cite evidence, tell me what is the precise evidence that shows the government made a strategic decision to reduce the size of the office and then got rid of this employee in accordance with that decision? Some of that evidence includes the budget, the fact that the employee was the highest paid attorney, the fact that the supervisor asked about trying to get rid of the other attorney, asking when that other attorney was going to be retiring or where his spouse worked.  The fact that they transferred someone there at the same time that the spouse was transferred, so it was they brought someone in. If you look at all the circumstances, I would encourage, Your Honors, to please read appendix pages 20 to 043 to look at the totality of the circumstances, which were just ignored by the board. That was the abuse of discretion was ignoring the facts. Maybe if the court has no other questions, can I save? Well, I guess I still have more for rebuttal. Can I save? You can use it or save it either way. One issue that was raised, for example, was jurisdiction. The government was arguing that there's no jurisdiction. And, of course, jurisdiction can be raised at any time. But I think the fact that they didn't even mention it in their opening brief kind of shows the weakness of their argument that there was no jurisdiction. If the court were inclined to consider the government's alternative argument, the employee would argue that the failure of the agency to cross appeal or even file a statement of disagreement certainly suggests the pro forma nature of the agency's jurisdictional argument. But Judge Braden found that there was jurisdiction. That's correct. Although they didn't find it as to the discontinued service due to involuntary retirement provision. And that's because I think the board just had a misunderstanding that the employee is not claiming that he's entitled. In other words, there's no dispute that the employee was removed. And as a consequence, he had to take this involuntary retirement. I mean, it's already a fact. So I think that the board just assumed that the employee was trying to get an involuntary retirement, whereas, in fact, he already has it. But, I mean, that does show the level of care that the board gave. In other words, this was very slip-shy. They didn't carefully review the facts in this matter. I'd like to reserve the remaining argument. We will do that, Mr. Braden. Thank you. Mr. McBurnie? Yes, Your Honor. Good morning. May it please the court. The issue in this case is whether the Merit Systems Protection Board was correct in declining the petitioner's invitation to essentially import veteran preference rights under the Veterans Employment Opportunity Act into a four-cause removal. The record in this case is very clear that the claim brought before the board and currently before this court is not a Chapter 43 challenge. The petitioner was clear throughout. But, you know, one of the board, even the initial decision and the board's decision, both sort of immediately cast aside the idea this could have been a RIF because they say no action via a RIF was undertaken pursuant to 5 CFR 315 or 432. And so it's almost basically, and I understand those are the regulatory provisions that explain what has to be done to undertake a RIF. Suppose that there were five bazillion emails in this record, okay, where various people within the government were saying, we've got to cut that office down to two people. We don't have the budget for three people there. We've got to reduce it to two people. But they never actually undertook a RIF pursuant to these regulations. But suppose this record contained evidence, which it does not, indicating a clear intent on the part of the decision makers to get rid of somebody in that office for the sole purpose of reducing the size because they don't have the money to keep paying three attorneys. Are you saying that there could never be a firing pursuant to a RIF under those circumstances because it wasn't announced under 5 CFR 315? You see what I'm saying? I do, and no, Judge Moore. I think in a scenario where there were evidence in the record, which certainly isn't this case, but if you had a record that showed that, in fact, the agency's purpose was not only to reduce the headcount, but to reduce the headcount of someone in particular that they would not be able to reduce if they went through a RIF, then that could be something that could be raised in a Chapter 43 challenge. In a Chapter 43 challenge, the employee could say, well, first of all, all these arguments for why my performance was insufficient are not legitimate, and here's the reason why my performance actually was satisfactory. Furthermore, as an affirmative defense, and I think it's subsection B11 and B12, which refers to if the purpose for a decision is really to avert someone's preference rights, I think that's an argument that could be raised in theory under Chapter 43. Now, it would run into kind of the same circular problems because, again, that theory would assume not only that the agency wants to reduce headcount, but that they want to specifically avoid reducing the headcount of whoever would be first in line to be removed under a RIF. I think that's his whole point. This is his whole argument is that they brought in this husband and wife, and that's who they wanted in the office, and they wanted to get rid of him, so they used this excuse. And, I mean, that is his point. So you're just saying that he's procedurally in the wrong vehicle to make that point? Largely. You've described exactly his argument as I understand it. Right, and the government's position is if that argument were going to be made, it would have to be made, if it's viable at all, as a Chapter 43 challenge. Would you mean like in his termination proceeding as distinct from something else? I mean, where would it be made? It would be made exactly where Mr. Bakke in fact made it. I mean, Mr. Bakke had a choice. He could have raised this argument directly with the board, or he could have raised it with the EEO. He chose to raise his Chapter 43 challenge with the EEO. He included with that an age discrimination claim, but he made all of these same arguments in that EEO proceeding. And initially, when this case was brought before the board, the board interpreted the claim as encompassing not only this VEOA claim that we see, but also the Chapter 43 challenge and also a USERRA claim. And the petitioner was very, very clear on the record below that that was not his intention. He was not arguing a Chapter 43 challenge to his termination here. He was only raising a VEOA claim. And he intended to pursue the Chapter 43 challenge exclusively in front of the EEO. And so the board eventually said, okay, if that's what you want to do, that's fine. Whenever that EEO claim is exhausted, if you want to then bring the appeal to the board, you can within 30 days of an EEO decision. The EEO decision was April 27th. No appeal to the board was brought. So the petitioner in this case made a deliberate decision only to raise a VEOA claim here. And so whether in some other hypothetical case you could have a scenario where the record is so clear that this was really a combination of an agency's desire to avoid a RIF and to for some improper purpose, and of course that's the other step, right, was there an improper reason that they wanted to terminate the employee in particular as opposed to what the reason was here and what the record shows, that the employee simply had insufficient performance and was appropriately removed under that standard. Whether you could have a scenario where that case might be viable, it certainly isn't this case where there is no Chapter 43 challenge before the board and there is simply a VEOA claim, and the VEOA is simply not implicated by the arguments being raised. So for those reasons, the board's decision to dismiss for failure to state a claim was appropriate and correct, and we'd ask the court to affirm. Alternatively, as we raised in our briefs, the board also could have and should have simply dismissed the VEOA claim for lack of jurisdiction because the allegations raised here simply do not implicate a statute relating to veterans' preference. This is a Chapter 43 removal. There's no Chapter 43 challenge. The VEOA is simply not implicated by this. The court could affirm on that reason as well. If the court does not have any further questions. Thank you, Counsel. Thank you, Your Honors. Mr. Baca has some rebuttal time. Thank you, Your Honor. When I spoke before, I wasn't looking at the page. So now I have my reply on page 5, and I cite some specific pages in the appendix about the claim that was made, the putative Chapter 43 claim. And if we look at that, and specifically I'm citing to page appendix 75, 78, 80, and then 86 to 88, and if we just go and look at those page by page and see this complaint of discrimination. This complaint of discrimination, actually starting on page 074, that's where the complaint is filed. And then on page 07, again, it's appendix 77, that was the amended complaint. Counsel, discrimination issues don't belong in this court. Right. And in fact, as the case is presented to us now, the performance question isn't before us. That's right. Right? That's right. And isn't it clear and well established that a VEOA claim can't be made when the question is performance? The facts. That's a case not before us. The VEOA claim encompasses the same facts as the performance. And in fact, though, what I'm getting at is that the agency refused to consider the performance. If you look here on appendix, page 77. But these pages are in connection with the age discrimination claim, right? In the age discrimination claim. And then the agency is saying that we won't consider all these different things. We won't consider the performance improvement plan because more than 45 days have come by. So below, they're telling us, oh, you can't come here. In fact, I would have raised an issue of estoppel, but that whole record is not before the court. But at the very least, it shows the weakness of the government's case when on pages 77, appendix 78, and then 80, and 86 through 88, they're refusing to consider the performance improvement plan. And now they come into court and say, oh, you should have done it there. That's wrong. And that's the so, I mean, the facts, it's the same facts that relate to the performance that relate to the pretext. And those facts are, you know, the employee is supposed to be given the benefit of the doubt. So that's the problem. I mean, and I was just going to look at like a specific place on the appendix so I could, to quote, for example, where on page 70, on 75, in page 70, appendix page 77 on block 7, explain how you believe you were discriminated against. And so see attached amended synopsis and talking about when a colleague was older than him, planned to retire, and he acquired plans for occupation. There's no, you know, so those are some of the facts. And that was not appealed, the fact that the employee didn't have the resources to appeal that. And also there was the DSR, DIS, discontinued service retirement, that age issue since he was allowed to retire. It's not, it became not really moot, but it weakened the force of it. So the fact that the employee failed to appeal an EEO case does not thereby give up the right to look at the facts that are exactly relevant to the VEOA or the USERRA. It's the same facts. That's not an exclusive forum because the government themselves said we won't even consider it in that forum. So why does that suddenly become the place that should be considered when the government told the employee that it wouldn't consider those facts? So it's basically what the government is trying to do is they're slicing it down into discrete elements and saying, oh, each of these elements is not satisfied, and so therefore he's out of luck and out of court. But they didn't look at the totality of the circumstances. That's what needs to be done. The employee faithfully served the United States government for 22 years and the DOJ for over 11, and no one deserves to be treated like what happened in this case. Thank you. Thank you, Mr. Baca. We have your argument, and we'll take the case under advisement.